UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RUDY ROSENBERG, et al.,

                Plaintiffs,

-against-

CITY OF NEW YORK, et al.,

                Defendants.

20-CV-4012 (LLS)

ORDER

LOUIS L. STANTON, United States District Judge:

By order dated May 28, 2020, Chief Judge McMahon dismissed this action without prejudice as duplicative of the substantially similar suit that remains pending under docket number 20-CV-3911.[1] Chief Judge McMahon noted that claims arising out of the same events should be included in a single suit: Rather than prosecuting two lawsuits with overlapping claims against many of the same parties, Plaintiff could amend the complaint in 20-CV-3911, consistent with Rule 15 of the Federal Rules of Civil Procedure, to include all of his claims arising from those events in one action under docket number 20-CV-3911.

After this action was closed, in June 2020, Plaintiff then submitted two applications, each styled as an "Order to Show Cause for Clarification of Order, Reconsideration, & TRO." (ECF Nos. 8-9). On July 6, 2020, Plaintiff filed a motion seeking Chief Judge McMahon's recusal from this closed action. He also filed substantially similar motions in the action under docket number 20-CV-3911 (ECF Nos. 6-8). Both actions were thereafter reassigned to my docket.

---

[1] In the action under docket number 20-CV-3911, the Court dismissed Eltha Jordan and Jacqueline Rosenberg as plaintiffs when they failed to submit *in forma pauperis* applications as directed; the Court noted that it was unclear if they intended to participate in that action. Jordan and Rosenberg also did not submit IFP applications in this action, and the Court therefore refers to Rudy Rosenberg as the sole Plaintiff.

## DISCUSSION

**A.     Recusal**

Because this action is closed and has been reassigned to my docket, Plaintiff's motion seeking to have Chief Judge McMahon recuse herself is denied as moot. The Court notes, however, that nothing in Plaintiff's application would cause any objective observer to infer bias, and it therefore does not appear that there was any basis for Chief Judge McMahon to recuse herself from this action. *See, e.g.*, *Liteky v. United States*, 510 U.S. 540, 555 (1994) ("[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion.").

**B.     Motion for Reconsideration**

The Court liberally construes this submission as a motion under Rule 59(e) to alter or amend judgment. To succeed on a motion under Rule 59(e), a movant must demonstrate that the Court overlooked "controlling law or factual matters" that had been previously put before it. *See Padilla v. Maersk Line, Ltd.*, 636 F. Supp. 2d 256, 258-59 (S.D.N.Y. 2009). "Such motions must be narrowly construed and strictly applied in order to discourage litigants from making repetitive arguments on issues that have been thoroughly considered by the court." *Range Road Music, Inc. v. Music Sales Corp.*, 90 F. Supp. 2d 390, 391-92 (S.D.N.Y. 2000); *see also SimplexGrinnell LP v. Integrated Sys. & Power, Inc.*, 642 F. Supp. 2d 206 (S.D.N.Y. 2009) ("A motion for reconsideration is not an invitation to parties to 'treat the court's initial decision as the opening of a dialogue in which that party may then use such a motion to advance new theories or adduce new evidence in response to the court's ruling.'") (internal quotation and citations omitted).

Here, Plaintiff has failed to demonstrate in his motion that the Court overlooked any controlling decisions or factual matters with respect to the dismissed action. The Court therefore denies the motion for reconsideration.

**C.      Request to Restrict Viewing**

Because this action is closed, and thus is not proceeding, there is no basis for considering whether it should proceed anonymously. But the action was opened on the docket with Plaintiff's true name, notwithstanding his application to proceed anonymously. The Court thus considers whether to restrict viewing of the docket, even though the action is closed.

Under Rule 10 of the Federal Rules of Civil Procedure, "[t]he title of [a] complaint must name all the parties[.]" Fed. R. Civ. P. 10(a). There is a strong presumption that the public should be able to access every single document filed with this court of law." *Saks Inc. v. Attachmate Corp.*, 14-CV-4902 (CM), 2015 WL 1841136 at *14 (S.D.N.Y. Apr. 17, 2015) (citing *S.E.C. v. TheStreet.com*, 273 F.3d 222, 231 (2d Cir. 2001)). *See also Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 188-89 (2d Cir. 2008) (enumerating a non-exhaustive list of factors for the court to consider in ruling on a motion to restrict public access).

Here, Plaintiff notes the following reasons for wishing to restrict public access to this matter:

> [D]efendants have demonstrated an effort to undermine Rudy Rosenberg's physical and emotional well-being through their constant constitutional violations directed at Rudy Rosenberg and all plaintiffs in this matter that include stalking Plaintiffs and continually staging confrontations with each and every plaintiff through the use of Defendants' civilian agents.

(Motion (ECF No. 4 ) ¶ 5). He further alleges the following:

> Defendants, since March 2016, have persistently and aggressively been stalking and engaging in efforts to stage legal controversies against the plaintiffs so as to cause plaintiffs, through these attempted staged controversies, to become the focus of media attention.

> 16. Plaintiff points to the fact that in both the 2016 and 2017 prosecutions, Defendants libeled and defamed Rudy Rosenberg and by implication both Jacqueline Rosenberg and Eltha Jordan as racist bigots who are contemptuous of the judiciary, lawyers and government which is socially tantamount to being labelled a child molesters or similar facsimile.

3

> 17. In the 2016 prosecution, Plaintiff was additionally defamed as a bigot, anti-government and judicial contemptor [sic]. . . .

(*Id.* at ¶¶ 15-17).

Plaintiff's allegations that prosecuting this action will disclose material that could harm his reputation are insufficient to warrant restricting public access to the records. *See, e.g., Abdel-Razeq v. Alvarez & Marshal, Inc.*, No. 14-CV-5601, 2015 WL 7017431, at *4 (S.D.N.Y. Nov. 12, 2015) (noting that "courts have consistently rejected anonymity requests predicated on harm to a party's reputational or economic interests" and collecting cases). The Court also notes that Plaintiff was on notice of the presumption of public access, as he had previously unsuccessfully sought permission to proceed anonymously. *See Rosenberg v. Shemiran Co. LLC*, No. 20-CV-229 (CM) (S.D.N.Y. Feb. 3, 2020). The Court thus denies Plaintiff's request to restrict public access to the pleadings in this closed case, as he has not provided any sufficient reason to do so.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. The Court further directs the Clerk of Court to send Plaintiff a copy of the docket sheet in this action and in the action under docket number 20-CV-3911. Plaintiff's motions (ECF Nos. 8-9) and the request to proceed anonymously in this action are denied. This action is closed. The case under docket number 20-CV-3911 (LLS) remains pending as of the date of this order.

Dated:  July 13, 2020
        New York, New York

*Louis L. Stanton*
Louis L. Stanton
U.S.D.J.